IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JAMES MANNING, #2458368, PLAINTIFF, | § § § § | |
| V. | § § | CASE NO. 3:23-CV-2064-G-BK |
| KAUFMAN CONSTABLES OFFICE, ET AL., DEFENDANTS. | § § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff's motion to proceed *in forma pauperis*. Doc. 14. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED**.[1]

**I. BACKGROUND**

On September 14, 2023, Kevin James Manning, a state prisoner at the Hutchins State Jail, filed a *pro se* complaint against the Kaufman Constables Office, the Calloway County Sheriff's Office, the Medical City Mental Health, the Hickory Trial Short Term Mental Health facility, the Chief of Police of Italy, Texas, the Mental Health Department of Kaufman, the Monroe County Sheriff's Office, and the Lancaster Police Department. Doc. 1. On October 6, 2023, Manning filed an amended complaint (the operative complaint) against the same entities. Doc. 13.

---

[1] This action was initially filed in the Southern District of Texas and transferred to this Court because of improper venue. Doc. 3.

Manning asserts that Defendants placed him in state hospitals and short-term mental health facilities as part of "a scheme to have [him] put to death by a no speak trial." Doc. 13 at 4. He contends that "false claims were made" to justify his admission to these facilities. Doc. 13 at 4. For instance, Manning alleges that (1) a "hold" was placed in Kaufman County to commit him to a state hospital, even though no charge was pending against him; (2) false charges were filed against him in Calloway County to admit him to a state hospital there; (3) one of his files was kept open, while two others were closed, to transfer him to the Medical City Mental Health facility; and (4) the Monroe County Sheriff's Office committed him to a state hospital simply because was found in a field. Doc. 13 at 3. Manning also claims that unidentified persons attacked him while he was confined at the Hickory Trail Short Term Mental Health facility. Doc. 13 at 3. Manning requests that Defendants be sanctioned. Doc. 13 at 4.[2]

Upon review of the operative complaint, the Court concludes that Manning's claims should be dismissed in part because of improper venue and in part as frivolous and for failure to state a claim.

**II. ANALYSIS**

Because Manning is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). *See also* 28 U.S.C. § 1915A(1). Those statutes provide for the sua sponte dismissal of a complaint, if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

---

[2] Manning includes in an attachment to the operative complaint a litany of other events. Doc. 13 at 6-12.

(1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, venue is not proper for some of Manning's claims and his remaining claims are frivolous and fail to state a claim.

### A. Venue

Manning sues the Sheriff's Office in Monroe County, Arkansas, and Calloway County, Kentucky, for improperly committing him to state hospitals. However, venue is not proper in the Northern District of Texas. *See* 28 U.S.C. § 1391(b). Based on his allegations, the events giving rise to those claims occurred in Monroe County, Arkansas, and Calloway County, Kentucky, within the jurisdictional boundaries of the United States District Court for the Eastern District of Arkansas, Delta Division (28 U.S.C. § 83(a)(2)), and the United States District Court for the Eastern District of Kentucky (28 U.S.C. § 97(a)). However, transfer to the appropriate district is not in the interest of justice given Manning's nonsensical allegations, the relative infancy of the case, and his recent filing spree in this and other districts in Texas.[3] Therefore, Manning's

---

[3] Since May 2023, Manning has filed at least six other actions in federal courts in Texas. So far, the courts have dismissed or filed recommendations to dismiss at least four cases. *See Manning v. Henderson Cnty. Jail*, 6:23cv379 (E.D. Tex.) (recommendation to dismiss incoherent habeas

claims against the Monroe County and Calloway County Sheriff's Office should be dismissed without prejudice because venue is improperly laid in this district. *See* 28 U.S.C. § 1406(a).

### B. Claims against Remaining Defendants

Further, even under the most liberal construction, Manning has failed to state a cognizable legal claim or anything that can be construed as such against the remaining Defendants. His conclusory statements do not even rise to the level of "threadbare recitals" of the elements of a cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Manning simply lists events that occurred during the past several years and presents no supporting legal authority for the claims he asserts. He contends that Defendants participated in a scheme to commit him to state hospitals and short-term mental health facilities based on fictitious charges and to "put [him] to death by a no speak trial." Doc. 13 at 4. His factual contentions are clearly inadequate to support any cognizable claim. *See Denton*, 504 U.S. at 33; 42 U.S.C. § 1983. Further, his allegation that Defendants want to kill him "by a no speak trial" border on the irrational and incredible. *Id*.

Even if Manning complains of a broad conspiracy to detain him in state hospitals or short-term mental health facilities, his allegations lack factual enhancement. He has not alleged that "there was an agreement among the alleged co-conspirators to deprive him of his constitutional rights and that such an alleged deprivation actually occurred." *Montgomery v.*

---

petition); *Manning v. McKee*, 6:23cv464 (E.D. Tex.) (pending screening); *Manning v. Church*, 3:23cv01209-E-BT (pending screening); *Manning v. U.S. Fed. Judges*, 3:23cv2165-S-BK (recommendation to dismiss because of improper venue as Manning sought to disqualify judges in the Eastern District of Texas); *Manning v. United States*, 1:23cv1033 (W.D. Tex. Sept. 20, 2023) (dismissing complaint as frivolous); *Manning v. Fed. Gov't*, 1:2023cv1123 (W.D. Tex. Sept. 21, 2023) (dismissing complaint as malicious and frivolous).

*Walton*, 759 F. App'x 312, 314 (5th Cir. 2019) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); *Estate of Farrar v. Cain*, 941 F.2d 1311, 1313 (5th Cir. 1991)). "Conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983." *Id.* (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)). Because Manning has failed to present more than "naked assertion[s]" devoid of "further factual enhancement," *Twombly*, 550 U.S. at 557, his claims against the remaining Defendants should be dismissed for failure to state a claim.

Lastly, Manning may not sue servient political agencies or departments—such as constable offices, police departments, sheriff's offices, and mental health departments—unless such agencies or departments enjoy a separate legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."). Because Manning seeks relief from entities that are not subject to suit under § 1983, his allegations against the various offices and departments named as Defendants fail to state a claim upon which relief may be granted.

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed above Manning's claims are fatally infirm. Based on the most deferential review of his complaint, it is doubtful that, given the opportunity, he could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. SANCTION WARNING

Given his filing history and the dismissal of prior actions as frivolous and for failure to state a claim, Manning should be warned that if he persists in filing frivolous, baseless, or duplicative actions, the Court may impose monetary sanctions and bar him from bringing any further action, unless he first obtains permission of the Court to do so. *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

### V. CONCLUSION

For the foregoing reasons, Manning's claims against the Calloway and Monroe County Sheriff's Office should be **DISMISSED WITHOUT PREJUDICE** because venue is improperly laid in this district, see 28 U.S.C. § 1406(a), and his remaining claims should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

In addition, Manning should be **WARNED** that if he persists in filing frivolous or baseless actions, the Court may impose monetary sanctions and bar him from filing any future

lawsuits (with or without payment of the filing fees), unless he first obtains the permission of the Court to do so. *See* Fed. R. Civ. P. 11(b)(2) and (c)(1); 28 U.S.C. § 1915(g).

**SO RECOMMENDED** on October 27, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).